RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
5441 S. Macadam Avenue, Suite 301
Portland, OR 97239
T: 503-226-3664
Email: rgmr1500@gmail.com

*[Proposed] Liaison Counsel for Lead Plaintiff and Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| LLOYD STEINBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHMITT INDUSTRIES, INC., MICHAEL R. ZAPATA, PHILIP BOSCO, AND JAMIE SCHMIDT,<br><br>Defendants. | CASE No.: 3:22-cv-01533-YY<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT SCOTT MUSTRIC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**ORAL ARGUMENT REQUESTED** |

**PLEASE TAKE NOTICE** that on a date and time to be designated by the Court, Movant Scott Mustric ("Mustric" or "Movant") will and does move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen") as Lead Counsel and Ransom, Gilbertson, Martin & Ratliff, LLP ("RGMR") as Liaison Counsel.

This Motion is brought pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), on the grounds that: (1) Movant should be appointed as Lead Plaintiff for the class of securities purchasers of Schmitt Industries, Inc. securities between September 1, 2020 and September 20,

1 – NOTICE OF MOTION AND MOTION OF MOVANT SCOTT MUSTRIC
   FOR APPOINTMENT AS LEAD PLAINTIFF

2022, inclusive (the "Class Period"), as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's selection of Rosen as Lead Counsel and RGMR as Liaison Counsel should be approved as the firms are well-qualified, with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Jeffrey S. Ratliff, and a proposed order.

### MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers of the common stock of Schmitt Industries, Inc. during the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(b)    appointing Rosen as Lead Counsel and RGMR as Liaison Counsel for the Class.

### CLAIMS ASSERTED

This action was commenced on October 11, 2022 against Schmitt Industries, Michael R. Zapata, Philip Bosco, and Jamie Schmidt ("Defendants") for violations under the Exchange Act. That same day, Rosen published an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Defendant Schmitt purports to design, manufacture and sell high precision test and measurement products, solutions, and services through its Acuity® and Xact® product lines. Acuity provides laser and white light sensor distance measurement and dimensional sizing products, and their Xact line provides ultrasonic-based remote tank monitoring products and related monitoring revenues for markets in the Internet of Things environment. The Company also owns and operates Ample Hills Creamery, an ice cream manufacturer and retailer based in Brooklyn, New York. Schmitt is incorporated in Oregon and its principal executive offices are

located in Portland Oregon. Schmitt Industries securities trade on NASDAQ under the ticker symbol "SMIT."

Starting with the 2020 annual report filed on August 31, 2020 and through the end of the class period, Schmitt filed reports on Forms 10-K and 10-Q with the SEC that contained certifications pursuant to the Sarbanes-Oxley Act of 2002 signed by the Individual Defendants attesting to the accuracy of all financial reporting therein, and purporting to disclose all issues with internal controls over financial reporting and fraud.

The complaint alleges that during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) Schmitt Industries continuously downplayed its serious issues with internal controls; (2) Schmitt Industries' financial statements from August 31, 2021 to the present included "certain errors"; (3) as a result, Schmitt Industries would need to restate its previously filed financial statements; (4) as a result, Defendants' statements about its business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On September 20, 2022, after market hours, Schmitt announced that it would restate its financial statements from August 31, 2021 to the present and expected to report at least one material weakness, stating that "errors were material on a cumulative basis."

In response to the disclosure, Schmitt Industries' stock fell 17% to close at $3.12 per share on September 21, 2022, on unusually heavy trading volume, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's stock, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable

presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff... is the person or group of persons that... has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Movant lost $243,638.50 in connection with his purchases of Schmitt stock. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Schmitt stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

5 – NOTICE OF MOTION AND MOTION OF MOVANT SCOTT MUSTRIC
  FOR APPOINTMENT AS LEAD PLAINTIFF

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Olo's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

## 2. Movant Is Adequate

He has 25 years of investing experience. The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Mustric resides in Ohio, where he works as a Certified Public Accountant. He holds a Masters of Accountancy from Miami University of Ohio. Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Schmitt stock and is, therefore, extremely motivated to pursue claims in this action.

## D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and

adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen as Lead Counsel and RGMR as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants, including filing the complaint in this case. Furthermore, the firms have an extensive history of bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 and 5 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

/////

/////

/////

/////

/////

/////

/////

7 – NOTICE OF MOTION AND MOTION OF MOVANT SCOTT MUSTRIC
    FOR APPOINTMENT AS LEAD PLAINTIFF

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen as Lead Counsel and RGMR as Liaison counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: December 12, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

RANSOM, GILBERTSON, MARTIN & RATLIFF, LLP

Jeffrey S. Ratliff
8441 S. Macadam Ave, Suite 301
Portland, OR 97239
T: 503-226-3664
F: 503-234-6716
Email: rgmr1500@gmail.com

*[Proposed] Liaison Counsel for Lead Plaintiff And Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

9 – NOTICE OF MOTION AND MOTION OF MOVANT SCOTT MUSTRIC
    FOR APPOINTMENT AS LEAD PLAINTIFF