**Michael B. Merchant**, OSB No. 882680
mike.merchant@bhlaw.com
**Matthew D. Colley**, OSB No. 125084
matthew.colley@bhlaw.com
BLACK HELTERLINE LLP
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148

*Liaison Counsel for Movants Jordan Ciezobka and*
*Zobka LLC and Proposed Liaison Counsel for the Class*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movants Jordan Ciezobka and Zobka LLC and*
*Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| LLOYD STEINBERG, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SCHMITT INDUSTRIES, INC., MICHAEL R. ZAPATA, PHILIP BOSCO, and JAMIE SCHMIDT,<br><br>        Defendants | Case No. 3:22-cv-01533-YY<br><br>**MOTION OF JORDAN CIEZOBKA AND ZOBKA LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL**<br><br>Class Action Motion<br>Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)<br>Request for Oral Argument |

Page 1 – MOTION OF JORDAN CIEZOBKA FOR APPOINTMENT AS LEAD PLAINTIFF

Jordan Ciezobka and Zobka LLC ("Ciezobka and Zobka") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing Ciezobka and Zobka as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Ciezobka and Zobka's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Black Helterline LLP as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     LR 7-1(a) CERTIFICATION

This Motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA. This Section provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Ciezobka and Zobka have no way of knowing with certainty who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Ciezobka and Zobka have been unable to conference with opposing counsel as prescribed in Local Rule 7-1, and respectfully request that the conference requirement of Local Rule 7-1 be waived for this motion. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) of the Exchange Act, Defendants do not have standing to oppose the appointment of Ciezobka and Zobka as lead plaintiff. *See e.g.*, *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999).

## II.    PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired publicly traded Schmitt Industries, Inc. ("Schmitt" or the "Company") securities between September 1, 2020 and September 20, 2022 (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Ciezobka and Zobka believes that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Ciezobka and Zobka satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Ciezobka and Zobka respectfully submits that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Ciezobka and Zobka's selection of GPM as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions. Also, GPM and Black Helterline LLP as liaison counsel have the experience and resources to efficiently litigate this action.

## III.    FACTUAL BACKGROUND

Defendant Schmitt purportedly designs, manufactures and sells high precision test and measurement products, solutions, and services through its Acuity® and Xact® product lines. The Company also owns and operates Ample Hills Creamery, an ice cream , manufacturer and retailer based in Brooklyn, New York.

The complaint filed in this action alleges that the Defendants made false and misleading statements throughout the class period by failing to disclose that: (1) Schmitt continuously downplayed its serious issues with internal controls; (2) Schmitt financial statements from August 31, 2021 to the present included "certain errors"; (3) as a result, Sclunitt would need to restate its previously filed financial statements for certain periods; and (4) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On September 20, 2022, after market hours, the Company announced that it would restate its financial statements from August 31, 2021 to the present and expected to report at least one material weakness, elaborating that "[t]he Company currently estimates that the errors were material on a cumulative basis resulting in a net $330,203 under-recognition of expenses over the first three quarters of the fiscal year." On this news, Schmitt stock price fell 17% to close at $3.12 per share on September 21, 2022, on unusually heavy trading volume, injuring investors.

## IV.    ARGUMENT

### A.    Ciezobka and Zobka Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

Page 4 – MOTION OF JORDAN CIEZOBKA FOR APPOINTMENT AS LEAD PLAINTIFF

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). As set forth below, Ciezobka and Zobka satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements for appointment as lead plaintiff. Ciezobka and Zobka have, to the best of their knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Ciezobka and Zobka are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the class. Accordingly, Ciezobka and Zobka respectfully submits that they should be appointed as lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Ciezobka and Zobka Filed a Timely Motion

Ciezobka and Zobka have made a timely motion in response to a PSLRA early notice. On October 11, 2022, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Michael B. Merchant, Ex. A ("Merchant Decl."). Therefore, Ciezobka and Zobka had sixty days (until December 12, 2022) to file a motion to be

Page 5 – MOTION OF JORDAN CIEZOBKA FOR APPOINTMENT AS LEAD PLAINTIFF

appointed as lead plaintiff. As purchasers of Schmitt securities during the Class Period, Ciezobka and Zobka are members of the proposed class and have hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in Ciezobka and Zobka's PSLRA certifications, Ciezobka and Zobka attest that they have reviewed the complaint, adopts the allegations therein, and are willing to serve as representatives of the class. Merchant Decl., Ex. B. Accordingly, Ciezobka and Zobka satisfy the first requirement to serve as lead plaintiff for the class.

### 2.   Ciezobka and Zobka Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Ciezobka and Zobka believe that they have the largest financial interest among class members who have filed or will file timely applications for appointment as lead plaintiff and they should be presumed to be the "most adequate plaintiff."

Ciezobka and Zobka purchased Schmitt securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Merchant Decl., Ex. C. To the best of their knowledge, Ciezobka and Zobka are not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Ciezobka and Zobka believe they have the "largest financial interest in the relief sought by the class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Ciezobka and Zobka Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30.  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, courts focus on the typicality and adequacy provisions. *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *9 (D. Or. Oct. 3, 2014) (citing *In re Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a) Ciezobka and Zobka's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Azar v. Blount Int'l, Inc.*, 2019 WL 7372658, at *15 (D. Or. Dec. 31, 2019); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Ciezobka and Zobka's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Ciezobka and Zobka alleges that Defendants' material

misstatements and omissions concerning Schmitt's business, operations, and financial prospects violated the federal securities laws. Ciezobka and Zobka, like all members of the class, purchased Schmitt securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Ciezobka and Zobka's interests and claims are "typical" of the interests and claims of the Class.

### b) Ciezobka and Zobka Are Adequate Representatives

The adequacy requirement is satisfied if there is no conflict between the proposed lead plaintiff and the members of the class and the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. Fed. R. Civ. P. 23(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Ciezobka and Zobka have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure they have sufficient incentive to provide vigorous advocacy. *See* Merchant Decl., Ex. C. As such, Ciezobka and Zobka are well-equipped to represent the class, and should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Ciezobka and Zobka have selected Glancy Prongay & Murray LLP as lead counsel and Black Helterline LLP as liaison counsel to pursue this litigation on their behalf and will retain the GPM as the class's lead counsel in the event they are appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé

Page 8 – MOTION OF JORDAN CIEZOBKA FOR APPOINTMENT AS LEAD PLAINTIFF

attached to the Merchant Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, Jordan Ciezobka and Zobka LLC respectfully request that the Court grant their Motion and enter an Order (1) appointing Ciezobka and Zobka as Lead Plaintiff; (2) approving Ciezobka and Zobka's selection of Glancy Prongay & Murray LLP as Lead Counsel and Black Helterline LLP as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

DATED this 12th day of December 2022.

BLACK HELTERLINE LLP

By:       s/Michael B. Merchant
Michael B. Merchant, OSB No. 882680
Matthew D. Colley, OSB No. 125084
(503) 224-5560

*Liaison Counsel for Movants Jordan Ciezobka and Zobka LLC and Proposed Liaison Counsel for the Class*

GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movants Jordan Ciezobka and Zobka LLC and Proposed Lead Counsel for the Class*

THE LAW OFFICES OF FRANK R. CRUZ
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

Page 10 – MOTION OF JORDAN CIEZOBKA FOR APPOINTMENT AS LEAD PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that by doing so I served the foregoing on all parties in the record of the subject case via CM/ECF system transmission.

DATED this 12th day of December 2022.

BLACK HELTERLINE LLP

By: _____ s/Michael B. Merchant _____
Michael B. Merchant
OSB No. 882680
(503) 224-5560
*Liaison Counsel for Movants Jordan*
*Ciezobka and Zobka LLC and Proposed*
*Liaison Counsel for the Class*