RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
5441 S. Macadam Ave., Suite 301
Portland, OR 97239
T: 503-226-3664

*Liaison Counsel for Plaintiff*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| LLOYD STEINBERG and SCOTT MUSTRIC, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHMITT INDUSTRIES, INC., MICHAEL R. ZAPATA, PHILIP BOSCO, AND JAMIE SCHMIDT,<br><br>Defendants. | CASE No.: 3:22-cv-01533-YYY<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

Lead plaintiff Scott Mustric ("Lead Plaintiff") and named plaintiff Lloyd Steinberg ("Named Plaintiff" and, collectively with Lead Plaintiff, "Plaintiffs"), in connection with their opposition to Defendants' Motion to Dismiss and to Strike (Dkt. No. 30) (the "Motion"), respectfully request that the Court take judicial notice of Exhibits 1-15 attached herewith.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). Consideration of matters outside the pleading converts a 12(b)(6) motion into a motion for summary judgment unless the external matters are considered under the incorporation-by-reference doctrine or judicial notice under Federal Rule of Evidence 201. *See Id.*

Rule 201 provides a narrow exception that permits a court to judicially notice an adjudicative fact if it is "not subject to reasonable dispute," meaning the fact is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court's consideration of the Exhibits is necessary to provide context to Defendants' arguments in their Motion to Dismiss and to Strike (Dkt. No. 30).

Exhibit 1 is an excerpt of a true and correct copy of Schmitt's Form 10-K for the fiscal year ended May 31, 2019.

Exhibit 2 is an excerpt of a true and correct copy of Schmitt's Form 10-Q for the fiscal quarter ended August 31, 2019.

Exhibit 3 is an excerpt of a true and correct copy of Schmitt's Form 10-Q for the fiscal quarter ended November 30, 2019.

Exhibit 4 is an excerpt of a true and correct copy of Schmitt's Form 10-Q for the fiscal quarter ended February 29, 2020.

Exhibit 5 is an excerpt of a true and correct copy of Schmitt's Form 10-K for the fiscal year ended May 31, 2020.

Exhibit 6 is an excerpt of a true and correct copy of Schmitt's asset purchase agreement for Ample Hills.

Exhibit 7 is an excerpt of a true and correct copy of Schmitt's Form 10-Q for the fiscal quarter ended August 31, 2020.

Exhibit 8 is an excerpt of a true and correct copy of Schmitt's Form 10-K for the fiscal year ended May 31, 2021.

Exhibit 9 is an excerpt of a true and correct copy of Schmitt's Amended Form 10-Q for the fiscal quarter ended August 31, 2021.

Exhibit 10 is an excerpt of a true and correct copy of Schmitt's Amended Form 10-Q for the fiscal quarter ended November 30, 2021.

Exhibit 11 is an excerpt of a true and correct copy of Schmitt's Amended Form 10-Q for the fiscal quarter ended February 28, 2022.

Exhibit 12 is a true and correct copy of Schmitt's December 19, 2022 press release titled, "SCHMITT INDUSTRIES ANNOUNCES AMPLE HILLS FURLOUGH."

Exhibit 13 is a true and correct copy of the New York Times Article published on June 16, 2023, titled, "After an Epic Meltdown, Ample Hills Creamery Aims to Rise Again".

Exhibit 14 is a true and correct copy of Schmitt's November 27, 2018 press release titled, "Schmitt Industries Announces Strategic Reorganization".

Exhibit 15 is a true and correct copy of Schmitt's August 26, 2019 press release titled, "Schmitt Industries Announces CFO Resignation."

The Court need not consider these documents for their truth, but only for their existence.

For these reasons, Plaintiffs respectfully request that the Court consider Exhibits 1 through 15 in connection with adjudicating Defendants' motions to dismiss.

Dated: August 10, 2023                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
By:    /s/ Phillip Kim
Phillip Kim, Esq. (admitted pro hac vice)
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
lrosen@rosenlegal.com

*Counsel for Plaintiff*

RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
5441 S. Macadam Ave., Suite 301
Portland, OR 97239
Email: jeffreysratliff@gmail.com
T: 503-226-3664

*Liaison Counsel for Plaintiff*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 10, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>