Daniel H. Skerritt, OSB No. 681519
  Email: daniel.skerritt@tonkon.com
Caroline Harris Crowne, OSB No. 021315
  Email: caroline.harris.crowne@tonkon.com
Michael C. Willes, OSB No. 141806
  Email: michael.willes@tonkon.com
Gracey M. Nagle, OSB 215255
  Email: gracey.nagle@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204
  Telephone:  503.221.1440
  Facsimile:  503.274.8779

    *Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LLOYD STEINBERG, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>SCHMITT INDUSTRIES, INC., DAVID W. CASE, ANN M. FERGUSON, MICHAEL R. ZAPATA, PHILIP BOSCO, and JAMIE SCHMIDT,<br><br>   Defendants. | Civil No. 3:22-cv-01533-YY<br><br>**DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

Defendants Schmitt Industries, Inc. ("Schmitt"), David W. Case, Ann M. Ferguson,

Michael R. Zapata, Philip Bosco, and Jamie Schmidt ("Defendants") respectfully submit this

partial opposition to Plaintiffs' Request for Judicial Notice (ECF 36, hereinafter "RJN").

Defendants do not oppose Plaintiffs' RJN with respect to Exhibits 1-4, 6-7, 9-11, 14, and 15.

Defendants do not oppose Plaintiffs' RJN with respect to Exhibits 5 and 8, but ask the Court to

PAGE 1 – DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL
   NOTICE

take notice instead, or as supplemented by, the more complete excerpts from these same SEC filings attached to Defendants' Motion at Exhibit A, ECF 30-1, at 5–8, 15–19. Defendants oppose Plaintiffs' RJN with respect to Exhibits 12 and 13.

Plaintiffs' Exhibit 5 is an excerpt from Schmitt's 10-K for the fiscal year ending May 31, 2020. Plaintiffs use this exhibit to support arguments regarding internal control disclosures, Opp. 3; and sales tax, *id.* 5, 9. Plaintiffs also refer to the Ample Hills risks section in this same 10-K, *id.* 14, but do not include those disclosures in Exhibit 5. Plaintiffs have selected incomplete excerpts of the internal control disclosures in the 2020 Form 10-K, including only page 40 and omitting pages 10 and 39. Similarly, Plaintiffs' Exhibit 8 is an excerpt from the 2021 10-K. Plaintiffs use this exhibit to show "a disclosure that [Schmitt's] internal controls were deficient with respect to, *inter alia*, sales taxes. RJN, Ex. 8." Yet Exhibit 8's only substantive excerpt is the "Revenue Recognition" section on page 20 of the 10-K. The internal control disclosures are on pages 13 and 64-65. Defendants request that this Court take judicial notice of all relevant sections of SEC filings to which Plaintiffs refer in their Opposition, as excerpted in ECF 30-1, and not the incomplete disclosures in Exhibits 5 and 8.

Exhibit 12 to Plaintiffs' RJN is a December 19, 2022 press release. This document was published approximately three months after the end of the putative Class Period on September 20, 2022. Exhibit 13 to Plaintiffs' RJN is a June 16, 2023 news article, published nearly nine months after the end of the putative class period. Plaintiffs ask the court to take judicial notice of the "existence" of Exhibits 12 and 13, but not to "consider these documents for their truth." Plaintiffs' RJN at 3. Yet Plaintiffs cite to these exhibits in their Opposition only for their truth. ECF 35 at 4 ("By December 2022, all Ample Hills locations would be indefinitely shut down. RJN, Ex. 12. By June 2023, Schmitt sold Ample Hills for a fraction of what it paid. RJN, Ex. 13.").

Judicial notice is appropriate under Federal Rule of Evidence 201 where an adjudicative fact is not subject to reasonable dispute. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988,

PAGE 2 – DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL
      NOTICE

999 (9th Cir. 2018).  In addition, the fact to be noticed must be relevant.  *See, e.g.*, Dauven v. U.S. Bancorp, 390 F. Supp. 3d 1262, 1269 (D. Or. 2019) (citing *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002)).

The fact that Exhibits 12 and 13 were published is not subject to reasonable dispute, but the fact of their publication is also irrelevant to the question of whether Plaintiffs have alleged ultimate facts sufficient to state a claim under PLSRA for the putative class period.  The latest date of alleged fact in Plaintiffs' Amended Class Action Complaint ("Amended Complaint") is September 21, 2022, when Plaintiffs allege that Schmitt's stock price fell by 17%.  Am. Compl. ¶ 78.  The publication of a press release and a news article months later cannot support any argument advanced by Plaintiffs in their Opposition to Defendants' Motion to Dismiss and to Strike, nor provide any context necessary to evaluate Defendants' Motion, both of which focus on alleged misrepresentations during the class period.

Defendants respectfully request that this court decline to take judicial notice of Exhibits 12 and 13 to Plaintiffs' RJN because the fact of their publication is irrelevant.  Defendant further request that this court take note of the incomplete selections in Exhibits 5 and 8 to Plaintiffs' RJN when considering the Opposition's arguments.

DATED:  September 25, 2023.

TONKON TORP LLP

By:    s/ Caroline Harris Crowne
      Daniel H. Skerritt, OSB No. 681519
       Email: daniel.skerritt@tonkon.com
      Caroline Harris Crowne, OSB No. 021315
       Email: caroline.harris.crowne@tonkon.com
      Michael C. Willes, OSB No. 141806
       Email: michael.willes@tonkon.com
      Gracey M. Nagle, OSB 215255
       Email: gracey.nagle@tonkon.com

*Attorneys for Defendants*

043333\00001\16574765v1

PAGE 3 – DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE